[Civil No. 1546. Filed November 8, 1917.]

[168 Pac. 507.]

SOUTHERN PACIFIC COMPANY, a Corporation, Appellant, v. YUMA COUNTY, Appellee.

1. COUNTIES—TAXES—AMOUNT.—Under Civil Code of 1913, title 49, chapter 3, with reference to the levy and collection of taxes by county supervisors, section 4842, providing that all taxes shall not exceed the amount specified in such published estimate, and in no event shall the aggregate amount of taxes to be raised, except taxes for school purposes, exceed ten per cent greater in amount than the total sum levied and collected from all sources for all purposes other than school purposes during the year next prior to that in which the levy is made, construed with title 52, chapter 2, section 5278, making it the duty of the board of supervisors to levy and cause to be collected a tax, in addition to the amount of taxes which now or may hereafter be authorized by law for state and county purposes upon all taxable property in said county, sufficient to pay the interest on all bonds issued, a county board of supervisors may levy an amount to cover interest on county bonds in excess of the limit prescribed by section 4842.

2. COUNTIES—TAXATION—STATUTES—ENACTMENT ON DIFFERENT DATES —EFFECT.—That Civil Code of 1913, title 49, chapter 3, and title 52, chapter 2, became laws on different dates, would be immaterial, as the latter chapter authorizes the board of supervisors to levy and collect an interest tax "in addition to the amount of taxes which now or may hereafter be authorized by law for county purposes."

APPEAL from a judgment of the Superior Court of the county of Yuma. Frank Baxter, Judge. Affirmed.

Mr. J. C. Forest, for Appellants.

Mr. Wiley E. Jones, Attorney General, Mr. Geo. W. Harben, Assistant Attorney General, Mr. Clement H. Coleman, County Attorney, and Mr. Thomas D. Molloy, for Appellee.

ROSS, J.—This is an appeal from a judgment of the superior court of Yuma county involving the right of recovery of taxes for the year 1915 paid by the appellant, the Southern Pacific Company, under protest. It is the contention of the appellant that the board of supervisors of Yuma county exceeded their authority under the law when, in the

year 1915, they levied taxes for county purposes in an amount exceeding by ten per centum the levy and collection of county taxes in and for Yuma county for the year 1914. The appellant, in support of its position, relies upon chapter 3, title 49, of the Civil Code; said chapter being entitled "Levy of Taxes" and consisting of sections 4839–4845.

Section 4839 provides that the board of supervisors be annually required to levy and collect for county purposes, property taxes, which, together with other sources of revenue, shall not aggregate a total sum of money, exclusive of taxes for school purposes, ten per centum greater in amount than the total sum levied and collected for other than school purposes, from all sources during the next year prior to that in which the levy is made. The estimate is to be of the amount required for each item of expenditure necessary for county purposes, together with the amounts necessary to pay the interest and principal of the county bonds as provided by law.

Section 4840 makes it a duty of the board of supervisors to, not later than 30 days prior to the day of the regular annual tax levy, make an estimate of the different amounts required to meet the public expense for the ensuing year and to be raised by taxation in the county. This estimate shall be of the amount required for each department, public office, and public official, for each public improvement, for the maintenance of each public building, structure, or institution, the salary of public officers and employees, the maintenance of public highways, roads, and bridges, and the construction, operation, and maintenance of each public utility; in fact, it must be a full, comprehensive, and complete statement of the money intended to be spent during the ensuing year, the purpose for which it is to be spent, and the total amount of public expenses. The statement shall also contain an estimate of the receipts for the previous and ensuing year from sources other than direct property taxation, and the amounts to be raised by taxation on the property of the county.

Section 4841 requires that the estimate of expenditure be published for at least two consecutive weeks in some newspaper of general circulation in the county.

Section 4842 provides for a hearing upon the estimate, at which any taxpayer may be heard. After the hearing is concluded, the board of supervisors are authorized to adopt the

estimate as finally determined upon.   This section closes with these words:

"All taxes shall be levied or voted in specific sums and shall not exceed the amount specified in such published estimates, and in no event shall the aggregate amount of taxes to be raised, excepting taxes for school purposes, exceed ten per centum greater in amount than the total sum levied and collected from all sources, for all purposes other than school purposes, during the year next prior to that in which the levy is made."

If these were the only provisions of the law bearing upon the question before us, it would seem that the contention of the appellants should be accepted.   It is apparent from the language here employed that it was the intention of the legislature definitely to limit the board of supervisors in the amounts they could spend for county purposes during any given year.   It is declared that in no event shall the expenditure for county purposes exceed those of the preceding year more than ten per centum, except it be for school purposes. This restriction on the board of supervisors could not very well be more specifically or plainly stated, and if it stood alone it would need no construction; it would be too plain that any excess over the ten per cent, exclusive of taxes for school purposes, would be without authority of the law, and, if paid under protest, might be recovered.

While the levy for 1915 in Yuma county exceeded the ten per cent limit prescribed by chapter 3, *supra,* it arises, according to appellee's contention, in a perfectly legal way.   The excess over the ten per cent is occasioned by levy to pay interest on certain road bonds of the county issued under the provisions of chapter 2, title 52, of the Civil Code, entitled "County and Municipal Indebtedness"; such levy being in addition to the regular levy for county purposes for the year 1915.   It is said this is legal, being expressly provided for by section 5278 of said last-named chapter and title.   The pertinent and material part of this section reads:

"  . . . The board of supervisors of such county . . . is authorized and it shall be its duty to levy and cause to be collected a tax in addition to the amount of taxes which now or may hereafter be authorized by law for state and county purposes, at the same time and in the same manner as other taxes

are levied and collected by such county . . . upon all taxable property in such county. . . . ''

This section of the statute, in language quite as emphatic and definite as that used in chapter 3, title 49, limiting the amount of the levy for county purposes, makes it the duty of the board of supervisors ''to levy and cause to be collected a tax in addition to the amount of taxes which now or may hereafter be authorized by law for state and county purposes . . . upon all taxable property in such county . . . sufficient to pay the interest on all bonds issued. . . . ''

In other words, the board of supervisors is to ascertain and estimate all of the items of expenditure for county purposes for the current year, and, having done so, add thereto a levy for interest upon any bonds of the county issued under the provision of chapter 2, title 52. The interest levy, it will be noted, is to be added to ''the amount of taxes which now or may hereafter be authorized by law for state and county purposes.'' Like school taxes, this bond interest tax is not to be included in the estimate of expenses for county purposes.

As we have seen, the board of supervisors may add as much as ten per cent for the current year over the preceding year; that is, they ''are authorized by law'' to do this, and, as we read section 5278, they may add to this excess an interest levy for the bonds of the county.

There is some point attempted to be made from the fact that the two chapters here involved became laws on different dates. They were passed in the same session of the legislature, and when that body authorized the board of supervisors to levy and collect an interest tax ''in addition to the amount of taxes which now or may hereafter be authorized by law for county purposes,'' it used an expression that comprehended existing laws as well as future laws on the subject of tax levies for county purposes. So it would seem that the dates these two laws were enacted, or became effective, would be immaterial.

There is no question here of the power of the legislature under the Constitution to enact the laws according to the contention of either party. It is not a question of constitutional, but of statutory, construction We are constrained to believe the legislature by section 5278 intended to permit and authorize, in addition to the levy for all county purposes, levy for interest to pay county bonds, even though the total of

such levy should exceed by ten per centum the levy and collection for the preceding fiscal year.

Judgment is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.